**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| POLSINELLI PC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No.: 4:25-CV-00665-FJG** |
| v. | ) | |
| | ) | |
| LOUIS MASTRIANI, et al., | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT LOUIS MASTRIANI'S
<u>ANSWER AND COUNTERCLAIMS</u>**

COMES NOW Defendant-Counterclaimant Louis Mastriani ("Mastriani") and Defendant AMS Trade, LLP ("AMS Trade") (collectively "Defendants"), by and through counsel, and for their Answer and Counterclaims state as follows:

<u>**ANSWER**</u>

<u>**Nature of the Case**</u>

1.      The allegations in Paragraph 1 of the Complaint are a statement of the case to which no answer is required. To the extent an answer is required, Defendants denies the allegations in Paragraph 1 of the Complaint.

2.      The allegations in Paragraph 2 of the Complaint are a statement of the case to which no answer is required. To the extent an answer is required, Defendants denies the allegations in Paragraph 2 of the Complaint.

3.      The allegations in Paragraph 3 of the Complaint are a statement of the case to which no answer is required. To the extent an answer is required, Defendants denies the allegations in Paragraph 3 of the Complaint.

4.      Defendants admit the allegations contained in paragraph 4 of Plaintiff's Complaint.

**VENUE**

5.      Defendants admit the allegations of paragraph 5 to the extent that venue is proper in the United States District Court, Western District of Missouri pursuant to 28 U.S.C. § 1391(b)(2). To the extent plaintiff claims that paragraph 5 alleges more than that the defendants deny the allegations of paragraph 5 of Plaintiff's Complaint.

**PARTIES**

6.      Defendants admit the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.      Defendants admit the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.      Defendants admit that AMS is an LLP, and that it maintains one or more bank accounts. Defendants deny the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

**General Allegations**

9.      Defendants deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.      Defendants admit that Mastriani joined Polsinelli as an employee on January 3, 2023. Defendants deny the remaining allegations as contained in paragraph 10 of Plaintiff's Complaint.

11.      Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of Plaintiff's Complaint. Therefore, the same are denied.

12.      Defendants deny the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.      Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegations of paragraph 14 to the extent it acknowledges Plaintiff was not entitled to any fee under the March 9, 2023 engagement letter for prior matters. To the extent plaintiff claims that paragraph 14 alleges more than that the defendants deny the allegations of paragraph 14 of Plaintiff's Complaint.

15. Defendants admit the allegations contained in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations contained in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint.

18. Defendants admit that ABC Company received certain payments with respect to the Texas district court case. Defendants deny the remaining allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations contained in paragraph 19 of Plaintiff's Complaint.

20. Defendants admit the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants admit the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations contained in paragraph 28 of Plaintiff's Complaint.

3

29.     Defendants deny the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     Defendants deny the allegations contained in paragraph 31 of Plaintiff's Complaint.

32.     Defendants deny the allegations contained in paragraph 32 of Plaintiff's Complaint.

33.     Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of Plaintiff's Complaint. Therefore, the same are denied.

35.     Defendants deny the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.     Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendants deny the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     Defendants admit the receipt of the payment. Defendants deny the remaining allegations contained in paragraph 38 of Plaintiff's Complaint.

39.     Defendants state that the allegations of paragraph 39 are incomplete and inaccurate and therefore deny the allegations of paragraph 39 and refer to the allegations contained in defendants counterclaim.

40.     Defendants admit that Polsinelli wired the ABC client payment to AMS on or about June 25, 2025 and Mastriani gave of notice of his resignation on July 17, 2025. Defendants deny the remaining allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendants deny the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Defendants admit the allegations contained in paragraph 42 of Plaintiff's Complaint.

4

43.     Defendants admit that on August 4, 2025, Mastriani responded to Polsinelli's August 1, 2025 demand letter. Defendants deny the remaining allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     Defendants admit the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     Defendants admit the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.     Defendants deny the allegations contained in paragraph 46 of Plaintiff's Complaint

47.     Defendants deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.     Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.     Defendants deny the allegations contained in paragraph 50 of Plaintiff's Complaint.

## **COUNT I**

51.     Defendants incorporate by reference all previous paragraphs of this Answer, as though fully re-stated herein.

52.     Defendants deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.     Defendants deny the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.     Defendants deny the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of Plaintiff's Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of Plaintiff's Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.     Defendants deny the allegations contained in paragraph 61 of Plaintiff's Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of Plaintiff's Complaint.

WHEREFORE, Defendants Louis Mastriani and AMS Trade LLP respectfully requests that this Honorable Court deny Polsinelli, PC any relief sought in Count I, award attorney's fees and costs to the Defendants and provide such other and further relief as this Court may deem just and equitable.

## COUNT II

63.     Defendants incorporate by reference all previous paragraphs of this Answer, as though fully re-stated herein.

64.     The matters contained in paragraph 64 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 64 of Plaintiff's Complaint, the same are denied.

65.     Defendants deny the allegations contained in paragraph 65 of Plaintiff's Complaint.

66.     Defendants deny the allegations contained in paragraph 66 of Plaintiff's Complaint.

67.     Defendants deny the allegations contained in paragraph 67 of Plaintiff's Complaint.

WHEREFORE, Defendants Louis Mastriani and AMS Trade LLP respectfully requests that this Honorable Court deny Polsinelli, PC any relief sought in Count II, award attorney's fees and costs to the Defendants and provide such other and further relief as this Court may deem just and equitable.

6

## COUNT III

68.     Defendants incorporate by reference all previous paragraphs of this Answer, as though fully re-stated herein.

69.     The matters contained in paragraph 69 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 69 of Plaintiff's Complaint, the same are denied.

70.     The matters contained in paragraph 70 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 70 of Plaintiff's Complaint, the same are denied.

71.     The matters contained in paragraph 71 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 71 of Plaintiff's Complaint, the same are denied.

72.     Defendants deny the allegations contained in paragraph 72 of Plaintiff's Complaint.

73.     Defendants deny the allegations contained in paragraph 73 of Plaintiff's Complaint.

74.     Defendants deny the allegations contained in paragraph 74 of Plaintiff's Complaint.

75.     Defendants deny the allegations contained in paragraph 75 of Plaintiff's Complaint.

76.     Defendants deny the allegations contained in paragraph 76 of Plaintiff's Complaint.

WHEREFORE, Defendants Louis Mastriani and AMS Trade LLP respectfully requests that this Honorable Court deny Polsinelli, PC any relief sought in Count III, award attorney's fees and

costs to the Defendants and provide such other and further relief as this Court may deem just and equitable.

## **COUNT IV**

77.     Defendants incorporate by reference all previous paragraphs of this Answer, as though fully re-stated herein.

78.     The matters contained in paragraph 78 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 78 of Plaintiff's Complaint, the same are denied.

79.     The matters contained in paragraph 79 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 79 of Plaintiff's Complaint, the same are denied.

80.     Defendants deny the allegations contained in paragraph 80 of Plaintiff's Complaint.

81.     Defendants deny the allegations contained in paragraph 81 of Plaintiff's Complaint.

82.     Defendants deny the allegations contained in paragraph 82 of Plaintiff's Complaint.

83.     Defendants deny the allegations contained in paragraph 83 of Plaintiff's Complaint.

WHEREFORE, Defendants Louis Mastriani and AMS Trade LLP respectfully requests that this Honorable Court deny Polsinelli, PC any relief sought in Count IV, award attorney's fees and costs to the Defendants and provide such other and further relief as this Court may deem just and equitable.

8

## COUNT V

84.     Defendants incorporate by reference all previous paragraphs of this Answer, as though fully re-stated herein.

85.     The matters contained in paragraph 85 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 85 of Plaintiff's Complaint, the same are denied.

86.     Defendants deny the allegations contained in paragraph 86 of Plaintiff's Complaint.

87.     Defendants deny the allegations contained in paragraph 87 of Plaintiff's Complaint.

88.     Defendants deny the allegations contained in paragraph 88 of Plaintiff's Complaint.

89.     Defendants deny the allegations contained in paragraph 89 of Plaintiff's Complaint.

90.     Defendants deny the allegations contained in paragraph 90 of Plaintiff's Complaint.

WHEREFORE, Defendants Louis Mastriani and AMS Trade LLP respectfully requests that this Honorable Court deny Polsinelli, PC any relief sought in Count V, award attorney's fees and costs to the Defendants and provide such other and further relief as this Court may deem just and equitable.

## COUNT VI

91.     Defendants incorporate by reference all previous paragraphs of this Answer, as though fully re-stated herein.

92.     The matters contained in paragraph 92 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 92 of Plaintiff's Complaint, the same are denied.

9

93.     The matters contained in paragraph 93 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 93 of Plaintiff's Complaint, the same are denied.

94.     The matters contained in paragraph 94 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 94 of Plaintiff's Complaint, the same are denied.

95.     The matters contained in paragraph 95 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 95 of Plaintiff's Complaint, the same are denied.

96.     Defendants deny the allegations contained in paragraph 96 of Plaintiff's Complaint.

97.     Defendants deny the allegations contained in paragraph 97 of Plaintiff's Complaint.

98.     Defendants deny the allegations contained in paragraph 98 of Plaintiff's Complaint.

99.     Defendants deny the allegations contained in paragraph 99 of Plaintiff's Complaint.

100.    Defendants deny the allegations contained in paragraph 100 of Plaintiff's Complaint.

WHEREFORE, Defendants Louis Mastriani and AMS Trade LLP respectfully requests that this Honorable Court deny Polsinelli, PC any relief sought in Count VI, award attorney's fees and costs to the Defendants and provide such other and further relief as this Court may deem just and equitable.

10

<u>**COUNT VII**</u>

101.    Defendants incorporate by reference all previous paragraphs of this Answer, as though fully re-stated herein.

102.    The matters contained in paragraph 102 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 102 of Plaintiff's Complaint, the same are denied.

103.    The matters contained in paragraph 103 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 103 of Plaintiff's Complaint, the same are denied.

104.    The matters contained in paragraph 104 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 104 of Plaintiff's Complaint, the same are denied.

105.    The matters contained in paragraph 105 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 105 of Plaintiff's Complaint, the same are denied.

106.    The matters contained in paragraph 106 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 106 of Plaintiff's Complaint, the same are denied.

107. The matters contained in paragraph 107 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 107 of Plaintiff's Complaint, the same are denied.

108. The matters contained in paragraph 108 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 108 of Plaintiff's Complaint, the same are denied.

109. The matters contained in paragraph 109 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 109 of Plaintiff's Complaint, the same are denied.

110. The matters contained in paragraph 110 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 110 of Plaintiff's Complaint, the same are denied.

111. Defendants deny the allegations contained in paragraph 111 of Plaintiff's Complaint.

112. The matters contained in paragraph 112 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 112 of Plaintiff's Complaint, the same are denied.

113. The matters contained in paragraph 113 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 113 of Plaintiff's Complaint, the same are denied.

114. The matters contained in paragraph 114 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 114 of Plaintiff's Complaint, the same are denied.

115. The matters contained in paragraph 115 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 115 of Plaintiff's Complaint, the same are denied.

116. The matters contained in paragraph 116 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 116 of Plaintiff's Complaint, the same are denied.

117. Defendants deny the allegations contained in paragraph 117 of Plaintiff's Complaint.

WHEREFORE, Defendants Louis Mastriani and AMS Trade LLP respectfully requests that this Honorable Court deny Polsinelli, PC any relief sought in Count VII, award attorney's fees and costs to the Defendants and provide such other and further relief as this Court may deem just and equitable.

13

## COUNT VIII

118.     Defendants incorporate by reference all previous paragraphs of this Answer, as though fully re-stated herein.

119.     Defendants deny the allegations contained in paragraph 119 of Plaintiff's Complaint.

120.     Defendants deny the allegations contained in paragraph 120 of Plaintiff's Complaint.

121.     Defendants deny the allegations contained in paragraph 121 of Plaintiff's Complaint.

122.     Defendants deny the allegations contained in paragraph 122 of Plaintiff's Complaint.

123.     Defendants admit the allegations contained in paragraph 123 of Plaintiff's Complaint.

124.     Defendants deny the allegations contained in paragraph 124 of Plaintiff's Complaint.

125.     Defendants deny the allegations contained in paragraph 125 of Plaintiff's Complaint.

126.     The matters contained in paragraph 126 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 126 of Plaintiff's Complaint, the same are denied.

127.     The matters contained in paragraph 127 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made.

14

To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 127 of Plaintiff's Complaint, the same are denied.

128.    Defendants deny the allegations contained in paragraph 128 of Plaintiff's Complaint.

129.    Defendants deny the allegations contained in paragraph 129 of Plaintiff's Complaint.

130.    Defendants admit the allegations contained in paragraph 130 of Plaintiff's Complaint.

131.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of Plaintiff's Complaint. Therefore, the same are denied.

WHEREFORE, Defendants Louis Mastriani and AMS Trade LLP respectfully requests that this Honorable Court deny Polsinelli, PC any relief sought in Count VIII, award attorney's fees and costs to the Defendants and provide such other and further relief as this Court may deem just and equitable.

## COUNT IX

132.    Defendants incorporate by reference all previous paragraphs of this Answer, as though fully re-stated herein.

133.    The matters contained in paragraph 133 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 133 of Plaintiff's Complaint, the same are denied.

134.    Defendants deny the allegations contained in paragraph 134 of Plaintiff's Complaint.

135.    Defendants deny the allegations contained in paragraph 135 of Plaintiff's Complaint.

136.    Defendants deny the allegations contained in paragraph 136 of Plaintiff's Complaint.

137.    Defendants deny the allegations contained in paragraph 137 of Plaintiff's Complaint.

WHEREFORE, Defendants Louis Mastriani and AMS Trade LLP respectfully requests that this Honorable Court deny Polsinelli, PC any relief sought in Count IX, award attorney's fees and costs to the Defendants and provide such other and further relief as this Court may deem just and equitable.

## **COUNT X**

138.    Defendants incorporate by reference all previous paragraphs of this Answer, as though fully re-stated herein.

139.    The matters contained in paragraph 139 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 139 of Plaintiff's Complaint, the same are denied.

140.    Defendants deny the allegations contained in paragraph 140 of Plaintiff's Complaint.

141.    Defendants admit the allegations contained in paragraph 141 of Plaintiff's Complaint.

16

142. Defendants deny the allegations contained in paragraph 142 of Plaintiff's Complaint.

143. Defendants deny the allegations contained in paragraph 143 of Plaintiff's Complaint.

144. Defendants deny the allegations contained in paragraph 144 of Plaintiff's Complaint.

WHEREFORE, Defendants Louis Mastriani and AMS Trade LLP respectfully requests that this Honorable Court deny Polsinelli, PC any relief sought in Count X, award attorney's fees and costs to the Defendants and provide such other and further relief as this Court may deem just and equitable.

## **COUNT XI**

145. Defendants incorporate by reference all previous paragraphs of this Answer, as though fully re-stated herein.

146. The matters contained in paragraph 146 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 146 of Plaintiff's Complaint, the same are denied.

147. The matters contained in paragraph 147 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 147 of Plaintiff's Complaint, the same are denied.

148. The matters contained in paragraph 148 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made.

17

To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 148 of Plaintiff's Complaint, the same are denied.

149.    The matters contained in paragraph 149 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 149 of Plaintiff's Complaint, the same are denied.

150.    The matters contained in paragraph 150 of Plaintiff's Complaint are legal conclusions, as opposed to factual allegations. Therefore, no response is either required or made. To the extent that the Court deems it necessary that Defendants respond to the matters contained in paragraph 150 of Plaintiff's Complaint, the same are denied.

151.    Defendants deny the allegations contained in paragraph 151 of Plaintiff's Complaint.

152.    Defendants deny the allegations contained in paragraph 152 of Plaintiff's Complaint.

153.    Defendants deny the allegations contained in paragraph 153 of Plaintiff's Complaint.

154.    Defendants deny the allegations contained in paragraph 154 of Plaintiff's Complaint.

155.    Defendants deny the allegations contained in paragraph 155 of Plaintiff's Complaint.

156.    Defendants deny the allegations contained in paragraph 156 of Plaintiff's Complaint.

157.    Defendants deny the allegations contained in paragraph 157 of Plaintiff's Complaint.

158.    Defendants admit that Polsinelli is the seeking of appointment of Michael F. Flanagan as a limited receiver. Defendants deny all of the remaining allegations contained in paragraph 158 of Plaintiff's Complaint.

159.    Defendants admit the allegations contained in paragraph 159 of Plaintiff's Complaint.

WHEREFORE, Defendants Louis Mastriani and AMS Trade LLP respectfully requests that this Honorable Court deny Polsinelli, PC any relief sought in Count XI, award attorney's fees and costs to the Defendants and provide such other and further relief as this Court may deem just and equitable.

## FURTHER ANSWER AND AFFIRMATIVE DEFENSES

For his further answer and affirmative defenses to the allegations contained in Plaintiff Polsinelli PC's Complaint, Defendants Louis Mastriani and AMS Trade, LLP alleges and states as follows:

1.    Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

2.    The Complaint, and each count, paragraph and subpart thereof, fails to state a legal claim upon which relief can be granted against Defendants, and, therefore, Defendants should be dismissed from this action pursuant to Federal Rule of Civil Procedure 12.

3.    Plaintiff's claims are barred, in whole or in part, by the defense of license.

4.    Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, acquiescence, estoppel and ratification.

19

5. Plaintiff's claims are barred, in whole or in part, by the defenses of settlement, payment, release, and accord and satisfaction.

6. Plaintiff's claims are barred, in whole or in part, by the plaintiff's breach of contract.

7. Plaintiff has failed to mitigate its damages, if any.

WHEREFORE, Defendants Louis Mastriani and AMS Trade LLP respectfully requests that this Honorable Court deny Polsinelli, PC any relief sought in its Complaint, and award attorney's fees and costs to the Defendants and provide such other and further relief as this Court may deem just and equitable.

## LOUIS MASTRIANI'S COUNTERCLAIMS

Defendant-Counterclaimant Louis Mastriani, for his Counterclaims against Plaintiff-Counterclaim Defendant Polsinelli PC ("Polsinelli"), states and alleges as follows:

1. Mastriani is a citizen of the District of Columbia.

2. Polsinelli is a professional corporation organized under the laws of the State of Missouri and with a principal place of business in Kansas City, Missouri.

3. This Court has jurisdiction over these counterclaims.

4. Venue is proper in this Court.

## FACTUAL ALLEGATIONS

5. In or about August, 2020, Mastriani was contacted by the Chief Executive Officer and General Counsel of ABC Corporation ("ABC") who wished to retain him and his firm, AMS, to represent it in the enforcement of its patents against OEM customers and their foreign suppliers who were infringing its patents by importing and selling their products to ABC's customers and others.

20

6.      Over the course of the next 2 years, Mastriani's AMS team and he engaged in hundreds of hours of work investigating and analyzing the infringement of ABC's patents, instances of importations and sales of the infringing articles, and a myriad of other issues necessary to draft complaints to be filed with the U.S. International Trade Commission and the federal district court in Texas.

7.      During that time Mastriani also engaged the law firm Susman Godfrey LLP to be their co-counsel to assist in the drafting of the complaints and the anticipated litigation.

8.      AMS received no compensation for approximately 2 years of this work. ABC had agreed that AMS would receive compensation for its hundreds of hours of investigatory and analytical work by way of fixed fees, capped fees agreement with defined contingency fees. That fee agreement was entered into by ABC and AMS in approximately early October, 2022. ABC and Susman Godfrey entered into a similar fee agreement. AMS and Susman Godfrey drafted the ITC and district court complaints over the next few months.

9.      During the investigative and analytical period, a major company which was going to be named as a respondent and defendant in the ITC and district court complaints negotiated a license agreement, and made payments prior to the end of 2022. Royalty payments under this license entitled AMS to an agreed upon contingency share under the fee agreement.

10.     Over the course of 2020-2022, ABC and AMS were in negotiations with another major company to pay royalties for a license under the ABC patents. Those negotiations were unsuccessful, such that the company was going to be named as a respondent and defendant in the ITC and district court cases.

11.     During the late fall and early winter of 2022, members of Polsinelli made representations to Mastriani in their attempts to induce him to join their firm to form its

International Trade and ITC practice group. Polsinelli told Mastriani he was key to this new practice group, and they did not believe the practice group, consisting of the members of AMS, would survive at Polsinelli if Mastriani did not join them at Polsinelli. Mastriani told Polsinelli that he needed to receive as compensation at least 40% of all fees collected on his present and future clients, and receipts, for him to join Polsinelli with the other members of AMS. Polsinelli advised Mastriani that would not be a problem.

12. As a result of these representations, and the terms of a written offer letter, Mastriani joined Polsinelli and became employed by the firm as a senior partner and W-2 employee on about January 3, 2023. His partners and associates at AMS had already accepted offers from Polsinelli.

13. At that time AMS ceased operations, but maintained a bank account and address in order to receive fees from clients.

14. When Polsinelli hired Mastriani, he had a developed book of business and reputation in an area of law in which Polsinelli did not have experience.

15. Polsinelli hired Mastriani because of his experience and his book of business, as well as being critical to the success of the new international trade and ITC practice.

16. Having joined a new firm it was necessary for Mastriani to have his clients, including ABC, sign new engagement letters. ABC signed the engagement letter with Polsinelli which provided for fixed fees and a capped fee, exclusively for representation in the ITC case. The letter provided for a limited contingency fee for any settlement which was directly related to the ITC investigation, and only that litigation.

17. The only circumstances under which Polsinelli would receive a contingency payment was if it directly related to a license agreement or settlement only in the ITC case which were explained by Mastriani to Polsinelli management in emails and phone calls. Polsinelli

22

management was expressly aware of the district court case in Texas, and that Polsinelli had no role or responsibility for that case.

18. Consequently, Polsinelli knew, or reasonably should have known, from Mastriani's statements about the ABC engagement that it would only be entitled to a contingency payment that was the result of a settlement or success fee for the ITC case, and not the district court case filed by Susman Godfrey in Texas.

19. A few months after Mastriani joined Polsinelli, they were preparing to file the ITC complaint. However, at that time Mastriani was contacted by Polsinelli management to inform him that contrary to the representations that there were no conflicts with respect to his clients and their matters, there was allegedly a conflict with the major company which was named in the ITC complaint because it had refused to enter into a license agreement

20. Mastriani requested information with regard to the conflict but Polsinelli refused several times to provide that information to him. Polsinelli expressly admitted to Mastriani that it "had screwed up" in its prior check for actual and potential conflicts.

21. As a result of the alleged conflict, Mastriani had to inform ABC that he could not work on the ITC case. The client was very upset, and Mastriani conferred with the client over the next several days. Mastriani and the client eventually decided upon a strategy where the major company and other OEM companies would not be the named parties in the ITC litigation, but contract manufacturers and component suppliers would be named as the respondents.

22. Shortly thereafter, the ITC complaint was filed with Mastriani and his team at Polsinelli as lead counsel, and Susman Godfrey as co-counsel.

23. The complaint that was filed in the Federal District Court for the Eastern District of Texas was filed by Susman Godfrey and Texas local counsel. That complaint included the

companies named as respondents in the ITC case, but other companies were named as well, and additional patents were asserted. Polsinelli was not on the pleadings. Not one minute of time was ever devoted, much less billed, by Polsinelli on the district court case.

24. During the ITC case, Polsinelli management instructed Mastriani several times that he and his team could in no way be involved in any activities that were adverse to the major company which was revealed to Mastriani after the fact as a conflict. He and his team therefore had no involvement whatsoever with respect to that company.

25. In February 2025, the ITC issued its final determination of a violation of section 337, issuing injunctive remedial orders against all of the named respondents prohibiting the importation of any infringing goods, as well as the sales, offers for sale, marketing, advertising, or warehousing of any infringing products.

26. During Mastriani's tenure at Polsinelli, several contingency payments were made by ABC based upon royalty payments by a major company that entered into a license agreement in late 2022 in order to not be named in the ITC case. These payments were made to Polsinelli, which then transmitted the funds to AMS pursuant to Polsinelli and AMS's understanding of the engagements.

27. In April 2025, ABC made its 7[h] contingency payment to Polsinelli, which payment was comprised of royalty payments by the company which took a license in late 2022, as well as by the Polsinelli client company that had previously refused to take a license, but did so in early 2025. The April 2025 letter from ABC to Polsinelli contained the details of these payments, including the identity of the payor companies. Polsinelli was asked to transmit the 7[h] contingency payment to AMS, and it did so without any objection or concern. Polsinelli has not made any claim for those funds.

24

28.     In June 2025 ABC client sent an email letter advising of an upcoming 8th and final contingency payment. Mastriani received the actual letter, and subsequently the notice of deposit in Polsinelli's bank account.

29.     The 8th payment consisted of 3 payments, 2 royalty payments by the 2 companies that made the uncontested payments in the 7th payment, and a 3rd payment. The 3rd payment was made pursuant to a settlement agreement between ABC, the plaintiff in the Eastern District of Texas district court case, and the component supplier that was a defendant in that case.

30.     That settlement agreement required the supplier to pay on behalf of itself and its customers a sum of money for past monetary damages for lost sales and profits due to the patent infringement asserted in the district court case. The settlement agreement explicitly states that it did not cover in any way the ITC case, such that the ITC's remedial injunctive orders remained in place and full force and effect. As part of the settlement the defendants also agreed to withdraw their request for arbitration in China, which was pending at the time, as well as the pending challenges to the ABC patents at the Patent and Trademark Office.

31.     The June 2025 letter announcing and explaining the details of the 8th payment was timely provided to Polsinelli and a question was posed by the accounting department and the Chief Financial Officer of Polsinelli whether the payment made to settle the Texas district court case was a "success fee" for Polsinelli. Mastriani informed Polsinelli personnel by phone and email that the payment was not in any way a "success fee" for the ITC case, but was only for the Texas district court case, in which Polsinelli played no role whatsoever.

32.     At the time Mastriani emphasized that because Polsinelli had zero involvement in the Texas district court case it was not entitled to the share of the contingency payment made to settle the district court case. Mastriani received no push back or objection from Polsinelli

management, such that the 8th contingency payment which was being held in Polsinelli's bank account was voluntarily released and transmitted to the AMS bank account in the first week of July 2025.

33.     The 1st through 7th contingency payments received by AMS were distributed to the 2 equity partners of AMS, Louis Mastriani and Deanna Okun, as well as used in part for employee bonuses. The 8th contingency payment was distributed to the 2 equity partners on or about July 7, with 2 bonus payments to ex-AMS employees, one of whom recently retired as a secretary from Polsinelli, and the other, Nicole Nowak, still at Polsinelli as Director of Intellectual Property.

34.     On or about July 8, 2025, Mastriani accepted an offer of employment by Buchanan Ingersoll & Rooney PC to join its firm as shareholder and the chair of the ITC Section 337 practice.

35.     On July 17, 2025, Mastriani gave notice of his resignation to Polsinelli and that his last day with the firm would be July 31, 2025.

36.     On July 29, 2025, the eve of Mastriani's departure from Polsinelli, he received an email from Scott Fletcher, the Chief Financial Officer of Polsinelli, copying the firm general counsel, James Berglund, complaining that the ABC ITC case had not been sufficiently profitable because it was a fixed fee, capped fee case, and there were unbilled hours.

37.     Fletcher provided facts and numbers which were incorrect, such that Mastriani immediately responded and informed Fletcher that Polsinelli had always known and accepted the fixed fee and capped fee agreement, and that his complaint that there were too many unbilled hours was unfounded as he miscalculated and overstated those unbilled hours.

38.     Fletcher failed to acknowledge that most of the value of the unbilled hours were Mastriani's, and since Polsinelli did not pay him a salary, but only a percentage of revenues received, the firm lost nothing. It was Mastriani who lost income by reason of not being paid for

the unbilled hours. Mastriani also pointed out to Fletcher that he was ignoring that all attorney and paralegal time after the ITC decision in mid-February, 2025, had been billed to, and fully paid by, the client.

39.     Prior to Flether's email Polsinelli had not raised any objections or concerns regarding the profitability of the ITC case.

40.     On July 29, 2025, James Berglund, the Polsinelli general counsel, requested a call with Mastriani.

41.     Mastriani called Berglund back that same day and Berglund asked Mastriani about the revenues from the ITC case, raising the question of whether Polsinelli was entitled to the share of the 8th contingency payment representing the settlement of the Texas district court case.

42.     Mastriani explained to Berglund that Polsinelli had no claim to the Texas settlement payment inasmuch as Polsinelli had zero involvement in that case, whereas AMS had invested a very substantial amount of time in preparing that case, time which was not billed to ABC given the expectation of a potential contingency payment related to that case in the future. Mr. Berglund offered his interpretation of the ABC engagement agreement. Mastriani explained to him in detail why his facts were wrong, and his logic faulty, such that Polsinelli had no legitimate legal or equitable claim to the funds.

43.     Berglund and Mastriani spoke by phone again the next day but at no time during these discussions did the general counsel, Berglund or anyone at Polsinelli raise any claim for the royalty payments in the 8th contingency payment.

44.     On August 1, 2025, Mastriani received a letter from Mr. Berglund demanding the return to Polsinelli of the entire 8th contingency payment..

45.     Immediately upon receiving the Polsinelli demand letter Mastriani contacted his former AMS partner, Deanna Okun, and former AMS office manager, Nicole Nowak who were employed by Polsinelli as, respectively, shareholder and Director of Intellectual Property. Mastriani stated that he intended to return the entirety of his distribution from the 8th contingency payment to the AMS and recommended that Ms. Okun and Ms. Nowak do the same.

46.     Ms. Okun responded the next day that she was consulting her personal counsel, then followed up with an email that, apparently under because of her position as a Polsinelli shareholder, she was returning the entirety of her distribution to Polsinelli. Ms. Nowak separately responded that AMS no longer had an escrow account, just an operating account, and that she would not take her bonus, which remained in the AMS operating account.

47.     On August 2, 2025, Mastriani instructed officials at his bank, Wells Fargo, to transfer the entirety of his distribution from the 8th contingency payment to a new separate account. The transfer to the new separate account was completed on August 4, 2025. The funds held in the new separate account included Mastriani's AMS partnership percentage from the royalty payments that were never previously contested by Polsinelli.

48.     On August 4, Mastriani responded to the allegations in the Polsinelli demand letter, setting forth the factual and analytical flaws in Polsinelli's position, the correct and accurate facts. Mastriani also explicitly informed Polsinelli that the funds in dispute were "being held in a separate account and would remain there until there was a resolution of this dispute.

49.     At the close of Mastriani's August 4, 2025, response, he made the following statement and offer: "Nevertheless, in the event Polsinelli would prefer to avoid the time, expense and distraction, not to mention bad publicity, of litigation, I am open to a discussion about informally resolving the dispute with respect to the amount in my possession related to the [district

28

court] settlement." Polsinelli did not acknowledge the deposit of the disputed funds into the separate account, nor the offer to discuss potential resolution of the dispute.

50.     In view of the failure by Polsinelli to respond to the offer to discuss potential resolution in Mastriani's response to the demand letter, he decided on August 6, 2024, to unilaterally make a payment of settlement. At his instruction, Mastriani's bank transferred by wire to Polsinelli from the separate account the sum of $281,596.48. That sum is the amount from his distribution under the 8th contingency payment to which Polsinelli could potentially be entitled to if its claim were ultimately determined to be valid.

51.     On August 6, 2025, Polsinelli inquired about the wire transfer and asked for an explanation of the wired amount of funds.

52.     On August 7, 2025, Mastriani sent an explanation to Polsinelli regarding the wire transfer, stating that even though Polsinelli's claims were frivolous and insupportable, he was making the payment in good faith to resolve the dispute.

53.     Pursuant to this court's order of September 19, 2025 (Doc. 19), all funds in Mastriani and AMS's possession totaling $843,566 have now been paid into the registry of the court.

## COUNT I - D.C. Wage Payment and Collection

54.     Mastriani incorporates the preceding allegations as though fully contained herein.

55.     Polsinelli employed Mastriani.

56.     Mastriani worked in the District of Columbia.

57.     Polsinelli, *inter alia*, agreed Mastriani would receive monthly wages.

58.     Polsinelli, *inter alia*, agreed Mastriani would receive 45% of all receipts regarding Mastriani's originated business.

29

59.     On August 29, 2025, Mastriani wrote James Berglund to note the receipt of a considerable amount of fees for his clients in July, entitling him to substantial payments. Mastriani asked Berglund whether Polsinelli was refusing to pay him for those revenues. Polsinelli failed to respond to that request. Upon information and belief, fees from Mastriani's clients were also received in August and September.

60.     At no time, did Polsinelli remit to Mastriani 45% of all receipts regarding Mastriani's originated business related to July, August and September 2025.

61.     Polsinelli's failure to pay Mastriani 45% of all receipts regarding Mastriani's originated business is a violation of the D.C. Wage Payment and Collection Law, §§ 32-1301, *et seq.*

WHEREFORE, Defendant-Counterclaimant Louis Mastriani respectfully requests a judgment in his favor and against Plaintiff-Counterclaim Defendant Polsinelli PC in an amount in excess of $75,000 and that is fair and reasonable, interest thereon, for his costs incurred herein, including attorneys' fees, and for such other further relief this Court deems just and proper.

## COUNT II - D.C. Wage Payment and Collection

62.     Mastriani incorporates the preceding allegations as though fully contained herein.

63.     Polsinelli employed Mastriani.

64.     Mastriani worked in the District of Columbia.

65.     Polsinelli, *inter alia*, agreed Mastriani would receive monthly wages.

66.     Polsinelli, *inter alia*, agreed Mastriani would receive 45% of all receipts regarding Mastriani's originated business.

67.     At no time, did Polsinelli remit to Mastriani 45% of all receipts regarding Mastriani's originated business.

68.     Polsinelli's failure to pay Mastriani 45% of all receipts regarding Mastriani's originated business is a violation of the D.C. Wage Payment and Collection Law, §§ 32-1301, *et seq.*

WHEREFORE, Defendant-Counterclaimant Louis Mastriani respectfully requests a judgment in his favor and against Plaintiff-Counterclaim Defendant Polsinelli PC in an amount in excess of $75,000 and that is fair and reasonable, interest thereon, for his costs incurred herein, including attorneys' fees, and for such other further relief this Court deems just and proper.

## COUNT III – Negligent Misrepresentation

69.     Mastriani incorporates the preceding allegations as though fully contained herein.

70.     Polsinelli pursued the employment of Mastriani.

71.     In the course of inducing Mastriani to accept employment with Polsinelli made false representations to Mastriani including, but not limited to, representations regarding Mastriani's pay structure.

72.     In the course of employing Mastriani, Polsinelli failed to exercise reasonable care in making statements to Mastriani regarding Mastriani's pay structure.

73.     In the course of employing Mastriani, Polsinelli intentionally supplied information regarding Mastriani's alleged pay structure to induce Mastriani to leave his employ with AMS, not consider other employers, and work for Polsinelli.

74.     Mastriani reasonably relied on Polsinelli's representations regarding Mastriani's pay structure in going to work for Polsinelli.

75.     As a direct and proximate cause of Polsinelli's misrepresentations, Mastriani suffered substantial financial losses.

31

WHEREFORE, Defendant-Counterclaimant Louis Mastriani respectfully requests a judgment in his favor and against Plaintiff-Counterclaim Defendant Polsinelli PC in an amount in excess of $75,000 and that is fair and reasonable, interest thereon, for his costs incurred herein, including attorneys' fees, and for such other further relief this Court deems just and proper.

### COUNT IV – Breach of Contract

76.     Mastriani incorporates the preceding allegations as though fully contained herein.

77.     Mastriani and Polsinelli entered into an employment agreement.

78.     Mastriani fulfilled his obligations under the employment agreement.

79.     Polsinelli breached its payment obligations under the employment agreement.

80.     As a direct and proximate cause of Polsinelli's breach of the employment agreement, Mastriani suffered substantial financial losses.

WHEREFORE, Defendant-Counterclaimant Louis Mastriani respectfully requests a judgment in his favor and against Plaintiff-Counterclaim Defendant Polsinelli PC in an amount in excess of $75,000 and that is fair and reasonable, interest thereon, for his costs incurred herein, including attorneys' fees, and for such other further relief this Court deems just and proper.

### COUNT V – Tortious Interference With Business Relations

81.     Mastriani incorporates the preceding allegations as though fully contained herein.

82.     Mastriani held valid business relationships and business expectancies with certain current and former clients before, during, and after his employment with Polsinelli.

83.     Polsinelli knew of these business relationships and business expectancies.

84.     One reason Polsinelli wanted to employed Mastriani was because of these business relationships and business expectancies.

32

85.     Upon Mastriani's termination of employment with Polsinelli, Polsinelli intentionally interfered with Mastriani's business expectancies by, *inter alia*, failing to forward business queries to Mastriani, failing to provide Mastriani with his (and his clients' files), improperly communicating with Mastriani's clients after Mastriani's departure from Polsinelli, and causing or aiding the publication of defamatory statements regarding Mastriani.

86.     Polsinelli has no legitimate justification for its conduct.

87.     As a direct and proximate cause of Polsinelli's tortious interference with Mastriani's business relationships, Mastriani suffered substantial financial losses.

WHEREFORE, Defendant-Counterclaimant Louis Mastriani respectfully requests a judgment in his favor and against Plaintiff-Counterclaim Defendant Polsinelli PC in an amount in excess of $75,000 and that is fair and reasonable, interest thereon, for his costs incurred herein, including attorneys' fees, and for such other further relief this Court deems just and proper.

### COUNT VI – Defamation

88.     Mastriani incorporates the preceding allegations as though fully contained herein.

89.     Upon information and belief Polsinelli published defamatory statements regarding Mastriani which were false.

90.     Polsinelli's published statements harmed Mastriani's reputation in the legal community and the community of his (potential) clients.

91.     Polsinelli published defamatory statements regarding Mastriani either recklessly or negligently.

92.     As a direct and proximate cause of Polsinelli's defamatory statements, Mastriani suffered substantial financial losses.

WHEREFORE, Defendant-Counterclaimant Louis Mastriani respectfully requests a judgment in his favor and against Plaintiff-Counterclaim Defendant Polsinelli PC in an amount in excess of $75,000 and that is fair and reasonable, interest thereon, for his costs incurred herein, including attorneys' fees, and for such other further relief this Court deems just and proper.

## COUNT VII – Prima Facie Tort

93.     Mastriani incorporates the preceding allegations as though fully contained herein.

94.     Polsinelli lured Mastriani into its employ for Polsinelli's pecuniary gain.

95.     Polsinelli intended to profit, to Mastriani's detriment, from the employment of Mastriani,

96.     As a direct and proximate result of Polsinelli's scheme of inducing Mastriani into its employment for Polsinelli's pecuniary benefit, Mastriani suffered substantial financial losses.

97.     Polsinelli has no legitimate justification for failing to appropriately pay Mastriani.

WHEREFORE, Defendant-Counterclaimant Louis Mastriani respectfully requests a judgment in his favor and against Plaintiff-Counterclaim Defendant Polsinelli PC in an amount in excess of $75,000 and that is fair and reasonable, interest thereon, for his costs incurred herein, including attorneys' fees, and for such other further relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Defendant-Counterclaimant Louis Mastriani and Defendant AMS Trade, LLP demand a jury trial on all issues so triable.

34

Respectfully submitted,

 /s/ Douglas J. Schmidt
Douglas J. Schmidt        MO Bar No. 34266
Jospeh A. Kronawitter     MO Bar No. 49280
HORN AYLWARD & BANDY, LC
2600 Grand Boulevard, Suite 1100
Kansas City, MO 64108
Telephone: (816) 421-0700
Facsimile: (816) 421-0899
dschmidt@hab-law.com
jkronawitter@hab-law.com
**Attorneys for Defendants Louis Mastriani**
**and AMS Trade, LLP**

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to all attorneys registered for ECF filing as of that date.

 /s/ Douglas J. Schmidt
Attorney

35